IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERMAINE J. MORGAN,            )
                               )
            Plaintiff,         )
                               )
    v.                         )
                               )  Civil Action No. 09-132J
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of April, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for SSI on June 15, 2006, alleging disability beginning July 18, 2004, due to partial loss of use of his hands and acid reflux. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on May 1, 2007. On July 11, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 18, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 34 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education. Although plaintiff has past relevant work experience as a telemarketer and a heavy equipment operator, he has not engaged in substantial gainful activity at any time since he filed his application.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of a history of gunshot wound to the bilateral hands, post-operative ORIF to the left proximal phalanx fifth digit, post-operative reconstructive surgery/bone graft, depression and alcoholism, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of limitations. Plaintiff is limited to occasional fine fingering/gross handling, reaching, pushing and pulling with the upper non-dominant extremity (in this case, the left hand) to include the operation of hand levers. In addition, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Further, plaintiff is limited to occasional interaction with supervisors, co-workers and the general public. Finally, plaintiff is limited to occupations that do not involve the handling, sale or preparation of alcoholic beverages (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless,

based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a coupon redemption clerk, an inspector/packer, or a shoe packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any

other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff asserts that the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's

impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals a listing under the following sections: 1.00 (relating to the musculoskeletal system), 12.03 (schizophrenic, paranoid or other psychotic disorders), 12.04 (affective disorders), 12.06 (anxiety related disorders) and 12.08 (personality disorders).

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from a history of gunshot wound to the bilateral hands, post-operative ORIF to the left proximal phalanx fifth digit, post-operative reconstructive surgery/bone graft, depression and alcoholism, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.02 and 12.04, but he found that plaintiff's condition does not meet or equal the criteria of those listings. (R. 14). The ALJ then explained his reasoning as to why plaintiff's impairments do

not meet or equal any listing. (R. 14-15).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a number of listings, plaintiff did not explain how his medical conditions satisfy the criteria of any particular listing, nor did he identify any medical evidence that substantiates his argument.[1] Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual

---

[1] To support his claim that he meets an unspecified musculoskeletal listing, plaintiff relies on Dr. Gurman's opinion that he is permanently disabled because of a fracture to his left pinky finger, which Dr. Gurman indicated by checking a box on an employability assessment form dated June 8, 2006, for the Pennsylvania Department of Public Welfare. (R. 189). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant here. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Further, Dr. Gurman's conclusory opinion of permanent disability is contradicted by his May 31, 2006, treatment note that plaintiff is capable of working and could lift 50 pounds occasionally and 25 pounds frequently. (R. 182). For these reasons, the ALJ properly concluded that Dr. Gurman's opinion was not entitled to controlling weight (R. 17).

functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he incorrectly assessed plaintiff's residual functional capacity and, as a result, his hypothetical question to the vocational expert was inadequate. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first argues that the ALJ erred in finding that he can perform light work with the additional restrictions set forth in the RFC Finding. More specifically, plaintiff claims that the ALJ failed to consider the limitations caused by his bilateral hand impairments. Plaintiff is incorrect.

The RFC Finding limits plaintiff to occasional fine fingering/gross handling, reaching, pushing and pulling with the upper non-dominant extremity (in plaintiff's case, his left hand) to include the operation of hand levers, which fully accounts for his left hand limitations. The ALJ was not obliged to incorporate into the RFC Finding any restrictions relative to plaintiff's claimed right hand impairment because the evidence of record does not reveal any functional limitations to his right hand. Although plaintiff sustained a gunshot to his right hand, treatment notes

only indicate the wound was superficial. (R. 143-58). Dr. Gurman also noted that plaintiff's right hand "seem[ed] to be doing fine", (R. 183), and did not identify any restrictions concerning plaintiff's use of his right hand. For these reasons, the court finds that the ALJ properly assessed plaintiff's residual functional capacity and accommodated his hand impairments that were supported by the evidence.

The court likewise finds that the ALJ's hypothetical question to the vocational expert was proper in this case. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). After reviewing the record, the court is satisfied that the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The

ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

					/s/ Gustave Diamond
					Gustave Diamond
					United States District Judge


cc:J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901